## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

_____

| | |
|---|---|
| **TAMARA LEVI,** ) | |
| ) | |
| **Plaintiff** ) | **Civil Action No.** |
| ) | |
| ) | |
| **v.** ) | |
| ) | |
| ) | |
| **RENTNOHO.COM, INC,** ) | |
| **SHARON K. HESTON,** ) | |
| **PASSAGE HOLDINGS, LLC, and** ) | |
| **SUSAN M. DESCARAGE,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

_____

## COMPLAINT AND JURY DEMAND

### Preliminary Statement

1.  Plaintiff brings this action to remedy the acts, policies, and practices of
    Defendants that have illegally deprived Plaintiff Levi and Plaintiff's children of
    unique and valuable housing opportunities. Plaintiff alleges that Defendants,
    alone and in concert, intentionally discriminated against the Levi family because
    of the presence of minor children by:  refusing to rent or negotiate in good faith
    for the rental of a dwelling; otherwise making a dwelling unavailable; placing
    different terms or conditions on the rental of a dwelling; making false
    representations of nonavailability; making discriminatory statements; unlawfully
    steering the Levi family away from a dwelling; aiding and abetting discriminatory
    acts and practices; and unlawfully delaying and denying the rental of a dwelling.

1

2.     Defendants' acts violate the federal Fair Housing Act ("FHA"), 42 U.S.C. §§ 3601, *et seq.*, the Massachusetts Anti-Discrimination Law, M.G.L. c. 151B, § 4, and the Massachusetts Lead Poisoning Prevention and Control Act ("Massachusetts Lead Law"),  M.G.L. c. 111,  § 197(h), which prohibits a property owner from delaying the commencement of a tenancy for more than thirty days to meet the law's abatement requirements, and § 199A, which prohibits a property owner from refusing to rent to a family because the presence of a child under age six would trigger duties under the Massachusetts Lead Law.

3.     All Defendants, individually through their actions and/or through the actions of their agents or principals, are liable for the violation of Plaintiff's rights under the FHA, the Massachusetts Anti-Discrimination Law, and the Massachusetts Lead Law.

4.     Plaintiff seeks a declaratory judgment, permanent injunctive relief, and monetary damages.

### Jurisdiction and Venue

5.     Jurisdiction over Plaintiff's federal FHA claims is conferred on this Court by 28 U.S.C. §§ 1331 and1337, and 42 U.S.C. § 3612.   This Court has supplemental jurisdiction over Plaintiff's related state law claims of housing discrimination pursuant to 28 U.S.C. § 1367(a) because Plaintiff's state law claims are so closely related to Plaintiff's federal law claims as to constitute the same case or controversy under Article III of the United States Constitution.

6.     Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

7.   Venue is proper in this district because the claims arose in the District of Massachusetts and all parties reside or do business in the District of Massachusetts.

**Parties**

8.   Plaintiff Tamara Levi lives in Northampton, Massachusetts, with their[1] two children.  Levi currently works as the music instructor at the High School of Commerce in Springfield which is part of the Springfield Public School system.

9.   Defendant RentNoho.Com, Inc. is a domestic profit corporation doing business in Northampton, Massachusetts, with its principal place of business located at 19 Hawley Street, Suite A, Northampton, Massachusetts.

10.   Defendant Sharon K. Heston is the President and Chief Executive Officer of RentNoho.Com, Inc. and is a licensed real estate broker in Massachusetts.

11.   On information and belief, Defendant Passage Holdings is a Limited Liability Company doing business in Northampton, Massachusetts, with its principal place of business located at 23 Munroe Street, Northampton, Massachusetts.  The Hampshire District Registry of Deeds (Book 10661, Page 111) lists Passage Holdings, L.L.C. as the record landowner of the residential property located at 15-17 Munroe Street in Northampton, Massachusetts.

12.   Defendant Susan M. Descarage is a Manager for Passage Holdings, L.L.C. She is also a licensed real estate broker and a licensed attorney in Massachusetts.

---

[1] Plaintiff Tamara Levi uses the pronouns "they" and "them".

## **Facts**

13. Plaintiff Tamara Levi has two children, M.P-L. and C.P-L., who were five and three years old, respectively, at all times relevant to this complaint.

14. During the summer of 2020, Levi and their spouse were in the process of separating and moving out of the home they shared with their two minor children in Northampton, Massachusetts.

15.  Levi needed to quickly find a new home where Levi and the children could reside on the days that Levi had custody.

16. In June, 2020, Levi saw an advertisement on Craigslist for an available apartment at 15 Munroe Street in Northampton, Massachusetts.

17. The 15 Munroe Street apartment had everything Levi was looking for in an apartment.  It was in a beautiful neighborhood on a quiet, residential street with no traffic.



Figure 1:  15-17 Munroe Street, Northampton

18. The property had a shared fenced-in backyard with grass that provided a convenient and safe environment for the children to play.

19. At all times relevant to this Complaint, Defendants RentNoho.Com, Inc., and Sharon K. Heston ("RentNoho Defendants"), acted as real estate brokers for Defendants Passage Holdings and Susan M. Descarage ("Descarage Defendants").

20. On June 22, 2020, Levi submitted a rental application to RentNoho.Com for the available apartment at 15 Munroe Street.

21. The RentNoho Defendants' rental application requires the names and dates of birth for each individual who would be living in the available unit, and Levi listed the names and dates of birth of the children as required.

22. On June 23, 2020, RentNoho.Com informed Levi that it was processing the rental application for the available apartment at 15 Munroe Street.

23. On June 24, 2020, Levi emailed the RentNoho Defendants to explain that Levi was the only adult moving into the 15 Munroe Street apartment. Levi's two children would be staying at the apartment a few nights per week.

24. Levi also noted that the preferred start date for the lease would be August 1, 2020.

25. On June 24, 2020, the RentNoho Defendants replied to Levi's email confirming that they understood that Levi's two children would be staying at the apartment a few nights per week.

26. The RentNoho Defendants also confirmed in this email that they would aim for a lease start date of August 1, 2020.

27. On June 29, 2020, the RentNoho Defendants forwarded an email from Descarage to Levi to notify Levi that the apartment at 15 Munroe Street would need to be deleaded to allow children under six to live there.  Descarage further notified Levi in writing that she did not know when the work could be completed.

28. In this same email, the RentNoho Defendants wrote: "I am guessing that waiting until the unknown time for this to be completed does not work for your immediate housing needs, yes?  We would like to continue to work with you to find a place."

24.     Levi replied to this email less than two hours later:

> I do have a little flexibility with my moving date and I really would love
> for this to be my apartment.  It's a great place and a fantastic
> neighborhood. If possible I would like to go ahead with the rental. It
> sounds like the landlord is already looking into remediation, which would
> be wonderful.  Obviously I would love to move in August 1, but if it can't
> happen then I have places I can stay in the interim. Can you let me know
> how to proceed?

25.     The next morning, June 30, 2020, RentNoho Defendants forwarded an email from
Descarage to Levi which stated that Descarage was getting an estimate on July 3,
2020, for the lead paint work, but "[d]ue to the COVID-19 situation the company
has a backlog and would not be able to start work until September or October."

29.     As part of this forwarded email, the RentNoho Defendants again advised Levi that
"[t]here really is no way to proceed, we are in a wait and see limbo. . . looking
more towards the end of the year for potential remediation completion."  The
RentNoho Defendants asked Levi to let them know "if you want to put yourself in
this position or you want to look at transfer options."

30.     Later that day, Levi replied to the RentNoho Defendants and reaffirmed that: "I
am really interested in this apartment for myself and my kids and I have some
flexibility with my move in date.  I'd love it if you and/or the landlord could
provide me with an update about timing when they get that information on
Wednesday."

31.     On July 3, 2020, Levi met with Descarage for the first time to view the available
apartment at 15 Munroe Street.

32.  During this viewing, Levi told Descarage that they would love to take the apartment if it could work out.  Descarage still did not have an estimate or a schedule for the necessary lead paint remediation work, and she repeatedly made negative and discouraging statements regarding the apartment, telling Levi that the downstairs tenant at 15 Munroe Street complains a lot about noise and that the tenant had sued people in the past.

33.  On July 14, 2020, the RentNoho Defendants forwarded an email fragment from Descarage to Levi in which Descarage stated: "I met with the potential tenant for 15 Munroe on Friday.  She is interested in the apartment but understands that it has to be deleaded before she can move in.  I am still waiting for an estimate from the contractor, but work probably cannot start until sometime in September due to the backlog.  Although she wants the apartment and is willing to wait, she will take another apartment if one opens up sooner."

34.  In this same email, the RentNoho Defendants asked Levi to confirm whether Levi would take another apartment if one became available before the 15 Munroe Street unit was deleaded.

35.  Based on the RentNoho Defendants' and the Descarage Defendants' conduct and communications throughout the real estate transaction, it is apparent that they considered Levi qualified to rent the dwelling at 15 Munroe Street.

36.  Later that day on July 14, 2020, Levi replied to the RentNoho Defendants' question about Levi's intentions by stating: "I would love to take that apartment if it could work out, but … if something else came along before it was de-leaded I would want to take it."

7

37. After receiving no update for almost a week, Levi emailed the RentNoho Defendants again on July 20, 2020, asking for an update on the deleading timeline for the 15 Munroe Street apartment.

38. Two days later, on July 22, 2020, the RentNoho Defendants replied to Levi's July 20, 2020 email suggesting that Levi, rather than the RentNoho Defendants, should now contact Descarage directly about the deleading timeline for the 15 Munroe Street apartment.

39. On the afternoon of July 22, 2020, Levi sent an email to the RentNoho Defendants, explaining that Levi did not have any contact information for Descarage to inquire about the deleading timeline for 15 Munroe Street.  Levi asked the RentNoho Defendants to send the contact information for Descarage.

40. On July 27, 2020, Descarage emailed the RentNoho Defendants to ask if Levi had found another apartment yet and to inform the RentNoho Defendants that she still did not have a confirmed date for the lead paint remediation.

41. On July 27, 2020, the RentNoho Defendants finally forwarded Descarage's email to Levi and asked if Levi had contacted Descarage.

42. On August 4, 2020, two full days before Levi notified either the RentNoho Defendants or the Descarage Defendants that Levi had found another unit to rent, a new



Figure 2:  Craigslist advertisement for 15-17 Munroe St apartment

advertisement appeared on Craigslist for a second floor, one-bedroom apartment on Munroe Street, which appeared to show the building owned by Passage Holdings, LLC, at 15 Munroe Street in Northampton.

43. The August 4, 2020 Craigslist advertisement for the apartment on Munroe Street stated that the apartment was available immediately.

44. Upon information and belief, this is the same apartment that Descarage had offered – but failed to make available – to Levi from June 2020 through August 6, 2020.

45. On August 6, 2020, Levi notified the RentNoho Defendants by email that Levi had found another apartment and asked them to tell Descarage.

46. On information and belief, the second-floor apartment at 15 Munroe Street that the Descarage Defendants offered – but failed to make available – to Levi from June 2020 through August 6, 2020, was immediately available to, and subsequently leased by, an adult applicant who did not have a child under age six.

47.   The Descarage Defendants unlawfully discriminated against the Levi family, after approving their application, because of the presence of a child under age six, by refusing to negotiate in good faith with them, rent the property at 15 Munroe Street to them, and by otherwise making their property unavailable to them.

48.   The Descarage Defendants unlawfully discriminated against the Levi family, after approving their application, by unlawfully making negative and discriminatory statements to Levi about the downstairs neighbor at 15 Munroe Street to steer the Levi family away from the apartment because the Descarage Defendants did not want to rent to them because of the presence of a child under age six.

49.   The Descarage Defendants unlawfully discriminated against the Levi family, after approving their application, by failing to make the dwelling immediately available to the Levi family within the thirty-day window for lead abatement, although the dwelling was immediately available to all other qualified applicants without a child under age six.

50.   Upon information and belief, after approving Levi's application, Descarage made false and misleading statements to Levi about Descarage's inability to delead the apartment within thirty days in an effort to steer the Levi family away from the property and avoid having to comply with the lead abatement requirements of the Massachusetts Lead Law.

51.   After approving Levi's application, the Descarage Defendants unlawfully failed to make the property available to the Levi family within thirty days to avoid the costs and burdens of complying with the lead abatement requirements of the Massachusetts Lead Law.

52.    The RentNoho Defendants knew or should have known, that the Descarage
       Defendants unlawfully discriminated against the Levi family because of the
       presence of a child under age six by refusing to negotiate in good faith with them,
       refusing to rent to them, and for making a dwelling otherwise unavailable to them.

53.    The RentNoho Defendants knew or should have known that the Descarage
       Defendants unlawfully discriminated against the Levi family by failing to offer,
       within the thirty-day window for lead abatement, the immediate availability of the
       dwelling at 15 Munroe Street that they offered to applicants without a child under
       age six.

54.    The RentNoho Defendants knew or should have known that the Descarage
       Defendants unlawfully discriminated against the Levi family because of the
       presence of a child under age six by making false statements about the availability
       of 15 Munroe Street that were intended to steer the Levi family away from the
       property.

55.    The RentNoho Defendants knew or should have known that after approving
       Levi's application, the Descarage Defendants made false and misleading
       statements to Levi about their unlawful failure to comply with the Massachusetts
       Lead Law, which requires a property owner to delead the dwelling within thirty
       days of approving an application.

56.    The RentNoho Defendants knew or should have known that after approving
       Levi's application, Descarage unlawfully failed to make her property available to
       the Levi family within thirty days as required by the Massachusetts Lead Law.

57. The RentNoho Defendants, the agent or broker for the Descarage Defendants, aided and abetted the Descarage Defendants' unlawful discriminatory and deceptive acts against the Levi family.

58. The RentNoho Defendants failed to take prompt action to correct and end every discriminatory and deceptive act that the Descarage Defendants committed, despite knowing about the discriminatory conduct and having the power to correct it.

59. The RentNoho Defendants unlawfully discriminated against the Levi family because of the presence of a child under age six by making discriminatory statements with respect to the rental of the dwelling.

60. As a result of all Defendants' discriminatory and deceptive acts and practices, Plaintiff Levi and Levi's two children have suffered the loss of important and unique housing opportunities, violations of their civil rights, emotional distress, including humiliation, and other special and general damages.

61. All of Defendants' discriminatory and deceptive acts were and are intentional and willful, and have been and are implemented with callous and reckless disregard for the civil rights of Plaintiff and other families with minor children in Massachusetts.

62. Since there exists an actual controversy between the parties regarding Defendants' obligations under federal and state fair housing laws, Plaintiff is entitled to declaratory relief.

63. Plaintiff has no adequate remedy at law.  Plaintiff and their minor children are now suffering and will continue to suffer irreparable harm as a result of

Defendants' refusals to rent to them based on the presence of a child under the age of six.

64. Plaintiff is entitled to injunctive relief to enjoin Defendants from engaging in the unlawful acts and practices of discrimination described above.

## COUNT I

### Descarage Defendants

### Refusal to Rent Based on the Presence of a Child Under Age Six
### (Fair Housing Act, 42 U.S.C. § 3604(a))

65. Plaintiff realleges and incorporates by reference all previous paragraphs in this complaint.

66. The Descarage Defendants have injured Plaintiff by committing discriminatory housing practices in violation of the FHA, 42 U.S.C. § 3604(a), including but not limited to the following conduct:

(a) Refusing to rent a dwelling after a bona fide offer has been made and accepted, and refusing to negotiate in good faith for the rental of a dwelling because of the presence of minor children, in violation of 24 C.F.R. § 100.70(b);

(b) Engaging in conduct relating to the provision of housing that otherwise makes unavailable or denies a dwelling because of the presence of minor children, in violation of 24 C.F.R. § 100.70(b);

(c) Engaging in unlawful steering practices, including but not limited to discouraging the rental of a dwelling because of the presence of minor children by exaggerating drawbacks or failing to inform Plaintiff of the

desirable features of the dwelling, community, or a neighborhood, in violation of 24 C.F.R. § 100.70(c)(2).

## COUNT II

### Descarage Defendants

### Different Terms and Conditions Based on the Presence of a Child Under Age Six
### (Fair Housing Act, U.S.C. § 3604(b))

67. Plaintiff realleges and incorporates by reference all previous paragraphs in this complaint.

68. The Descarage Defendants advertised their rental property at 15 Munroe Street to the public as immediately available on August 4, 2020.

69. The immediate availability of a rental dwelling is an essential term of a rental agreement.

70. The Descarage Defendants' advertisement stating that the rental property at 15 Munroe Street was immediately available to the public was false; the property was only immediately available to members of the public who did not reside with a child under age six.

71. Although the Descarage Defendants had approved the Levi family's application, it was not immediately available to the Levi family because Levi resided with two children under age six and renting to the Levi family would have required the Descarage Defendants to engage in lead abatement before any child under age six could live in the dwelling.

72.  The Descarage Defendants imposed different terms and conditions on the availability of the property on families with children under age six, including Plaintiff Levi's family, in violation of 42 U.S.C. § 3604(b).

## COUNT III

### Descarage Defendants

### Discriminatory Statements
**(Fair Housing Act, 42 U.S.C. § 3604(c))**

73.  Plaintiff realleges and incorporates by reference all previous paragraphs in this complaint.

74.  The Descarage Defendants made discriminatory statements that violate the Plaintiff's rights under 42 U.S.C. § 3604(c) because these statements were communicated to Plaintiff with respect to the rental of a dwelling and they indicate an intent to discriminate against families with minor children.

75.  The Descarage Defendants engaged in unlawful steering practices by intentionally communicating discriminatory statements which were intended to discourage Levi from continuing to negotiate for a rental at 15 Munroe Street because they asserted that Levi would not be comfortable or compatible with the existing resident of the apartment building because of Levi's two minor children, in violation of 42. U.S.C. §3604(c) and 24 § C.F.R 100.70(c)(3).

## COUNT IV

### Descarage Defendants

### False Representations of Nonavailability

**(Fair Housing Act, 42 U.S.C. § 3604(d))**

76.    Plaintiff realleges and incorporates by reference all previous paragraphs in this

complaint.

77.    The Descarage Defendants made false statements intended to deceive and mislead

Plaintiff about the nonavailability of the 15 Munroe Street property during their

protracted negotiations with Levi, in violation of 42 U.S.C. § 3604(d).

78.    The Descarage Defendants provided inaccurate or untrue information regarding

the availability of the 15 Munroe Street property to Plaintiff, in violation of 24

C.F.R. § 100.80.

79.    The Descarage Defendants unlawfully failed to provide material information

during their protracted negotiations with Levi regarding their legal duty to comply

with the Massachusetts Lead Law and make their dwelling available to and lead-

safe for the Levi family within thirty days of approving their application, in

violation of M.G.L. c. 111, § 197(h).


**COUNT V**

**Descarage Defendants**

**Discriminatory Statements**
**(M.G.L. c. 151B, § 4(7B))**

80.    Plaintiff realleges and incorporates by reference all previous paragraphs in this

complaint.

81.    The Descarage Defendants made discriminatory statements that violated the

Plaintiff's rights under M.G.L.  c. 151B, § 4(7B) because these statements were

communicated to Plaintiff with respect to the rental of a dwelling and they indicate an intent to discriminate against families with minor children.

## COUNT VI

### Descarage Defendants

### Refusal to Rent Based on the Presence of a Child Under Age Six
### (M.G.L. c. 151B, § 4(11))

82. Plaintiff realleges and incorporates by reference all previous paragraphs in this complaint.

83. The Descarage Defendants refused to rent or negotiate in good faith for the rental of a dwelling because Plaintiff Levi has children under the age of six, in violation of Plaintiff's rights under M.G.L. c. 151B, § 4(11).

## COUNT VII

### Descarage Defendants

### Unlawful Delay and Denial of Rental Based on the Presence
### of a Child Under Age Six
### (M.G.L. c. 111, §§ 197(h) and 199A)

84. Plaintiff realleges and incorporates by reference all previous paragraphs in this complaint.

85. After approving Levi's application, the Descarage Defendants unlawfully failed to make their rental dwelling available to the Levi family within thirty days in violation of M.G.L. c. 111, § 197(h) because of the presence of a child under age six and to avoid incurring the costs and burdens of lead abatement, in violation of the Massachusetts Lead Law under M.G.L. c. 111, § 199A.

17

## COUNT VIII

### RentNoho Defendants

### Refusal to Rent Based on the Presence of a Child Under Age Six
### (Fair Housing Act, 42 U.S.C. § 3604(a))

86.  Plaintiff realleges and incorporates by reference all previous paragraphs in this
     complaint.

87.  The RentNoho Defendants knew, or should have known, that the Descarage
     Defendants unlawfully discriminated against the Levi family because of the
     presence of a child under age six, by refusing to negotiate in good faith with them,
     refusing to rent to them and by making a dwelling otherwise unavailable to them
     in violation of 42 U.S.C. § 3604(a).

88.  The RentNoho Defendants engaged in unlawful steering practices by
     discouraging the Levi family from renting a dwelling because of the presence of a
     child under age six by exaggerating the drawbacks of a dwelling, in violation of
     24 C.F.R. 100.70(c)(2).

## COUNT IX

### RentNoho Defendants

### Different Terms and Conditions
### (Fair Housing Act, 42 U.S.C. § 3604(b))

89.  Plaintiff realleges and incorporates by reference all previous paragraphs in this
     complaint.

90.  The RentNoho Defendants knew, or should have known, that the Descarage
     Defendants unlawfully discriminated against the Levi family because they offered

18

different terms and conditions of availability depending on whether a family with

a child under age six would occupy the dwelling.

91.   The dwelling at 15 Munroe Street was immediately available to applicants

without a child under age six, but not immediately available to a family with a

child under age six, in violation of 42 U.S.C. § 3604(b).

**COUNT X**

**RentNoho Defendants**

**Discriminatory Statements**
**(Fair Housing Act, 42 U.S.C. § 3604(c))**

92.   Plaintiff realleges and incorporates by reference all previous paragraphs in this

complaint.

93.   The RentNoho Defendants made discriminatory statements that violate the

Plaintiff's rights under 42 U.S.C. § 3604(c) because these statements were

communicated to Plaintiff with respect to the rental of a dwelling and they

indicate an intent to discriminate against families with children under age six.

94.   The RentNoho Defendants engaged in unlawful steering practices by intentionally

communicating discriminatory statements which were intended to discourage

Levi from continuing to negotiate for a rental at 15 Munroe Street, because they

exaggerated the drawbacks of a dwelling based on the presence of minor children,

in violation of 42 U.S.C. §3604(c) and 24 § C.F.R 100.70(c)(2).

**COUNT XI**

**RentNoho Defendants**

**False Representations of Nonavailability**
**(Fair Housing Act, 42 U.S.C. § 3604(d))**

95.   Plaintiff realleges and incorporates by reference all previous paragraphs in this

complaint.

96.   The RentNoho Defendants knew, or should have known, that the Descarage

Defendants unlawfully discriminated against the Levi family because of the

presence of a child under age six by making false statements about the availability

of 15 Munroe Street that were intended to steer the Levi family away from the

property, in violation of 42 U.S.C. § 3604(d).

97.   The RentNoho Defendants provided inaccurate or untrue information regarding

the availability of the 15 Munroe Street property to Plaintiff, in violation of 24

C.F.R. § 100.80.

98.   The RentNoho Defendants unlawfully failed to provide material information

during the protracted negotiations with Levi regarding the Descarage Defendants'

legal duty to comply with the Massachusetts Lead Law and make their dwelling

available to and lead-safe for the Levi family within thirty days of approving their

application, in violation of in violation of 42 U.S.C. § 3604(d).

**COUNT XII**

**RentNoho Defendants**

**Failure to Take Prompt Action to Correct and End Discriminatory Practices**
**(24 C.F.R. § 100.7(a)(iii))**

99.    Plaintiff realleges and incorporates by reference all previous paragraphs in this complaint.

100.   The RentNoho Defendants failed to take prompt action to correct and end each of the Descarage Defendants' discriminatory practices although the RentNoho Defendants knew or should have known of the discriminatory conduct and had the power to correct it.  24 C.F.R. § 100.7(a)(iii).

**COUNT XIII**

**RentNoho Defendants**

**Aiding and Abetting Discriminatory Acts**
**(M.G.L. c. 151B, § 4(5))**

101.   Plaintiff alleges and incorporates by reference all previous paragraphs in this complaint.

102.   The RentNoho Defendants knew or should have known that the federal Fair Housing Act, the Massachusetts Anti-Discrimination Law, M.G.L. c. 151B, § 4, and the Massachusetts Lead Law, required the Descarage Defendants to avoid discriminating against families with children and to make the dwelling at 15 Munroe Street  available to Levi's family within thirty days of the Descarage Defendants' approval of the application under M.G.L. c. 111, §§ 197(h).

103.   The RentNoho Defendants' discriminatory actions and its failures to end the discriminatory acts of the Descarage Defendants, as described above, aided and abetted the Descarage Defendants in committing acts of discrimination against Levi's family because of the presence of a child under the age of six years old, in violation of M.G.L. c. 151B, § 4(5).

**COUNT XIV**

**RentNoho Defendants**

**Discriminatory Statements**
**(M.G.L. c. 151B, § 4(7B))**

104.    Plaintiff realleges and incorporates by reference all previous paragraphs in this

complaint.

105.    The RentNoho Defendants made discriminatory statements that violate the

Plaintiff's rights under M.G.L. c. 151B, § 4(7B) because these statements were

communicated to Plaintiff with respect to the rental of a dwelling and they

indicate an intent to discriminate against families with minor children.

**COUNT XV**

**RentNoho Defendants**

**Discrimination Based on**
**the Presence of a Child Under Age Six**
**(M.G.L. c. 151B, § 4(11))**

106.    Plaintiff realleges and incorporates by reference all previous paragraphs in this

complaint.

107.    The RentNoho Defendants knew, or should have known, that the Descarage

Defendants unlawfully discriminated against the Levi family because of the

presence of a child under age six, by refusing to negotiate in good faith with them,

refusing to rent to them, and by making a dwelling otherwise unavailable to them

in violation of M.G.L. c. 151B, § 4(11)).

**COUNT XVI**

**RentNoho Defendants**

**Unlawful Delay and Denial of Rental Based on the
Presence of a Child Under Age Six
(M.G.L. c. 111, §§ 197(h) and 199A)**

108.   Plaintiff realleges and incorporates by reference all previous paragraphs in this complaint.

109.   The RentNoho Defendants knew, or should have known, that after approving Levi's application, the Descarage Defendants discriminated against Plaintiff by making deceptive and misleading statements and material omissions about their unlawful failure to comply with the Massachusetts Lead Law, which requires a property owner to delead the dwelling within thirty days of approving a prospective tenant's application to lease the dwelling with a child under age six, as required by M.G.L. c. 111, § 197(h).

110.   The RentNoho Defendants knew, or should have known, that after approving Levi's application, the Descarage Defendants unlawfully failed to make their rental dwelling available to the Levi family within thirty days solely to avoid incurring the costs and burdens of lead abatement triggered by the presence of a child under age six, in violation of M.G.L. c. 111, §§ 197(h) and 199A.

111.   The RentNoho Defendants knew, or should have known, that after approving Levi's application, the Descarage Defendants violated the Massachusetts Lead Law by intentionally delaying and thereby denying the rental of 15 Munroe Street to Plaintiff, for over thirty days, in violation of M.G.L. c. 111, § 197(h), solely to

avoid incurring the costs and burdens of lead abatement triggered by the presence of a child under age six, in violation of M.G.L. c. 111, § 199A.

## **Prayer for Relief**

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(a) Declare the actions of Defendants outlined above to be illegal and in violation of the federal Fair Housing Act, M.G.L. c. 151B and M.G.L. c. 111, §§ 197(h) and 199A;

(b) Permanently enjoin Defendants, their agents, and their employees from discriminating on the basis of familial status, or any other ground prohibited by the federal Fair Housing Act and M.G.L. c. 151B;

(c) Order affirmative relief as may be appropriate to remedy Defendants' past discriminatory practices and decisions and to ensure that Defendants do not discriminate in the future;

(d) Award compensatory damages;

(e) Award punitive damages;

(f) Award attorney's fees and costs incurred in the prosecution of this case;

(g) Hold the Defendants jointly and severally liable to pay Plaintiff's damages, costs, and reasonable attorney fees incurred in prosecution of this case; and,

(h) Provide any other relief this Court deems just and equitable.

Jury Demand

Plaintiff hereby requests a trial by jury on all counts that are triable of right by a jury.


/s/ Meris L. Bergquist
Meris L. Bergquist, BBO #600979
Massachusetts Fair Housing Center
57 Suffolk Street,
Holyoke, MA   01040
(p) (413) 539-9796
mbergquist@massfairhousing.org


/s/ Ashley Grant
Ashley Grant, BBO #673451
Massachusetts Fair Housing Center
57 Suffolk Street,
Holyoke, MA  01040
(p) (413) 539-9796
agrant@massfairhousing.org


/s/ Elizabeth Connor
Elizabeth (Annie) Connor, BBO #682467
Massachusetts Fair Housing Center
57 Suffolk Street,
Holyoke, MA 01040
(p) (413) 539-9796
aconnort@massfairhousing.org